UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
**WADE PHILLIPS**

                                                   **Case No.:** _____

                **Plaintiff,**

      **-against-**

**LVNV FUNDING, LLC**
**RESURGENT CAPITAL SERVICES, LP**

                **Defendants.**
----------------------------------------------------------------------X

### ORIGINAL COMPLAINT

Plaintiff Wade Phillips brings suit against Defendant debt collectors for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*, and N.Y. Gen. Bus. Law § 349 *et seq*, and in support would show as follows.

This suit regards, *inter alia*, Defendants' attempts to collect on a vacated judgment, which itself was obtained via sewer service.  Defendants collect putative judgments *en masse* knowing the putative judgments have been vacated, or with conscious disregard as to whether the judgments have been vacated.

### A.  JURISDICTION AND VENUE

1. The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA"). Jurisdiction of the Court arises under 28 U.S.C. § 1331 in that this dispute involves predominant issues of federal law under the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  The Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States

1

Constitution.

2.      Venue in this District is proper because all or a substantial part of the events or omissions giving rise to their claims occurred in Kings County, New York.

### B.   PARTIES

3.      Plaintiff WADE PHILLIPS ("Mr. Phillips") is an individual currently residing in Kings County, New York.

4.      Defendant RESURGENT CAPITAL SERVICES, LP ("Resurgent") is a limited partnership organized under the laws of the State of Delaware. Said Defendant engages in business in New York. This suit arose out of said Defendant's business in New York.

5.      Defendant LVNV FUNDING LLC ("LVNV") is a limited liability corporation, organized under the laws of the State of Delaware. Said Defendant engages in business in New York. This suit arose out of said Defendant's business in New York.

### C.   STATEMENT OF FACTS

6.      On or about October 6, 2008, LVNV, through Forster & Garbus, LLP a debt-collection law firm ("F&G"), filed a collections lawsuit against Mr. Phillips in Kings County Civil Court, titled *LVNV Funding, LLC A/P/O Household Bank (SB) N.A. v. Wade Phillips,* Index No. CV-117688-08/KI (Civil Court of the City of New York, Kings County)("the collections lawsuit").

7.      The collections lawsuit sought to collect a putative defaulted debt (or the "account"), allegedly originally owed to Household Bank (SB) N.A.

8.      The collections lawsuit alleged that Mr. Phillips made a last payment on the account on or about June 21, 2004.

9.      LVNV is the putative owner of the debt. Resurgent Capital Services, LP ("Resurgent") is the master servicer for LVNV, responsible for taking all the affirmative actions to collect

putative debts owned by LVNV, including retaining debt collection sub-servicers.

10. LVNV is thus jointly and severally liable with Resurgent for the debt collection acts of Resurgent on behalf of LVNV. Therefore, the complaint will refer to LVNV and Resurgent as the LVNV Defendants.

11. The sub-servicers retained by LVNV, through Resurgent, include non-attorney debt collectors and debt collection law firms such as F&G, to collect on the putative debts.

12. F&G represented the LVNV Defendants in the collections lawsuit.

13. As the party in the debt collection lawsuit, the LVNV Defendants are directly liable for the FDCPA and other violations they commit in the collection lawsuit and in any prior attempts to execute on the putative judgment.

14. Further, the LVNV Defendants control or have a right to control their servicers and sub-servicers, such as F&G.

15. For example, the LVNV Defendants have a detailed "operations manuals" that requires its sub-servicers to comply with a very specific methods when collecting on the accounts of the LVNV Defendants. The "operations manuals" are over a hundred pages.

16. Plaintiff was never served with the collections lawsuit.

17. Defendants obtained a default judgment against Plaintiff by using a false affidavit of service. This is commonly known as a "sewer service" judgment.

18. Because Mr. Phillips was never served, did not know he had been sued, and could not reasonably have known that he was sued, Mr. Phillips did not answer the collections lawsuit.

19. On or about March 19, 2009, the LVNV Defendants, through F&G, used the false affidavit to obtain a default judgment against Mr. Phillips in the collections lawsuit.

20. On or about March 19, 2009, judgment was entered in the collections lawsuit for

$11,465.55--with $8,345.81 as the amount claimed, $3,119.74 in interest, and $160 in costs and disbursements.

21.   Defendants' application for default was signed by an attorney at F&G.

22.   Eventually, Mr. Phillips found out about the collections lawsuit and the judgment entered against him.

23.   In early 2013, Mr. Phillips began receiving correspondence from the LVNV Defendants by and through the debt collection law-firm, Kirschenbaum, Phillips & Roach, P.C. ("KPR"), regarding the collections lawsuit, the putative debt therein, and the default judgment obtained therein.

24.   On or about February 20, 2013, KPR sent Mr. Phillips a collections letter seeking to collect on the judgment (and the putative debt) from the collections lawsuit.

25.   Promptly thereafter, on or about February 27, 2013, Mr. Phillips moved *pro se* by order to show cause to vacate the sewer service judgment and dismiss the case for lack of jurisdiction (given that he was never served).

26.   In his OSC, Mr. Phillips stated he first learned of the default judgment when he received the collection letter.

27.   On April 15, 2013, the court granted the Order to Show Cause on consent, vacating the judgment.

28.   On June 17, 2013, the collections lawsuit was discontinued.

29.   The LVNV appeared through counsel at both hearings, and knew the OSC was granted, the judgment vacated, and the case discontinued.

30.   As of April 15, 2013, and at the latest as of June 17, 2013, the LVNV Defendants should have ceased any efforts to collect on the judgment. However, the LVNV Defendants continued to

collect on the vacated judgment in 2015.

31. On or about May 14, 2015, LVNV, through its servicer Resurgent, sent Mr. Phillips two collection letters, seeking to collect on the *judgment. See Exhibits A and B.* Those letters are incorporated by reference and violate the FDCPA and GBL 349.

32. Mr. Phillips believes he may have received correspondence from Defendants seeking to collect on the *judgment* earlier in the year, likely either in late December 2014 or in January 2015.

33. Because Defendants' May 14, 2015 collection letters sought to collect the (vacated) judgment and inflated the amount allegedly owed by the costs of court, on information and belief the initial communication by Defendants also misrepresented and inflated the amount alleged due in the same manner.

34. However, regardless if Mr. Phillips received earlier correspondence, the May 14, 2015 collection letters are both improper attempts to collect on the vacated *judgment*.

35. One of the letters states:

> Dear Wade Phillips:
> Resurgent Capital Services L.P. recently received your request for debt verification. Enclosed is the verification you requested. When you asked for verification of debt, we also received notification of your dispute. However, we only received limited information regarding the dispute and need more information to clarify your issue so that we are able to conduct a thorough and effective investigation. In order for us to address any concerns or claims you may have in our review we ask that you contact J.Torres at 1-866-464-1187 or mail information describing the nature of your dispute along with any supporting documents to the following address:

*See Exhibit A.*

36. Confusingly, this letter states that the Original Creditor on the account was Citibank USA, N.A.; rather than Household Bank (SB) N.A. *Id.*

37. In addition, this letter states that the balance on the account was ***$18,066.74***. *Id.* This

balance is inflated, including costs of court that were not owed given the vacature of the judgment and the dismissal of the collection lawsuit. Defendants also sought post-judgment interest on the costs of court. A copy of a fax from F&G, and a copy of the collections lawsuit *judgment*, were attached to the so called verification letter, confirming that Defendants were seeking to collect the (vacated) judgment. *Id.*

38. As such, the LVNV Defendants' collection letters was an attempt to induce Mr. Phillips into contacting Defendants, and thus to facilitate Defendants' attempt to collect on the vacated judgment.

39. The collection letter was also an attempt to induce Mr. Phillips into making a payment on the *vacated judgment*, falsely and deceptively inducing a reasonable consumer into believing that said judgment had been verified, and was valid and enforceable.

40. Further, the letter asks Mr. Phillips to call the Defendants "at 1-866-464-1187". *Id.* This statement was an attempt to induce Mr. Phillips into making a payment (for an inflated amount) on the *vacated judgment*, and/or the account.

41. The other letter states:

> Dear Wade Phillips:
> Resurgent Capital Services L.P. manages the above referenced account for LVNV Funding LLC and has initiated a review of the inquiry we recently received. Should you desire to pay on this account, please contact us at the toll free number as noted above. If we can be of further assistance, please contact J. Torres toll-free at 1-866-464-1187.

*See Exhibit B.*

42. Confusingly, this letter also states that the Original Creditor on the account was Citibank USA, N.A.; rather than Household Bank (SB) N.A. *Id.*

43. In addition, this letter also states that the balance on the account was *$18,066.74*. *Id.* This balance is grossly inflated and can only be interpreted to be a balance that would have been due

on the *judgment* had the judgment not been vacated (for the same reasons as explained *supra)*.

44.     Further, the letter also asks Mr. Phillips to call the Defendants "at 1-866-464-1187". *Id.* This statement was an attempt to induce Mr. Phillips into making a payment (for an inflated amount) on the *vacated judgment*, and/or the account.

45.     In addition, Mr. Phillips is unsure if he recall sending a dispute or verification letter after the judgment was vacated and before the May 14, 2015 collection letters. If this is the case, and if Defendants have a policy of sending investigation and verification letters unsolicited, this suggests a practice of attempting to "dupe" the least sophisticated consumer to call the debt collector.  Having a consumer initiate contact with them is a key goal by debt collectors in order to collect a debt.  The statement that "we need more information and to clarify your issue so that we are able to conduct a thorough and effective investigation," coupled with a request to call a specific individual (J. Torres) might encourage a least sophisticated consumer to initiate contact with Defendants – their key goal to continue collections.  The capacity of the letter to deceive the least sophisticated consumer to call the debt collector is emphasized by the warning the least sophisticated consumer that they may lose rights to dispute the debt if they do not call and call soon: "If we do not receive further clarification with 35 days of the date of this letter, *we may not be able to address your concerns* and *will return your account to active collections*." (emphasis added).

46.     On or about May 28, 2015, Mr. Phillips did exactly what Defendants stated they needed him to do "to address your concerns:" he contacted Defendants. Specifically, Mr. Phillips sent Defendants a dispute letter stating, in part, "Please note the action under Docket No. CV-117688-08/KI was discontinued on June 17, 2013." He also asked for written documentation verifying the debt." Despite Mr. Phillips having done what was requested of him, Defendants

7

ignored his request for verification.

47. Defendants attempt to collect on the vacated (sewer service) judgment caused Mr. Phillips to feel angry, frustrated and scared. Mr. Phillips had been upset when he first discovered the default judgment against him in 2013, and thought that he had effectively ended the improper collection attempts when he had that default judgment vacated in 2013. The Defendants' May 14, 2015 letters caused Mr. Phillips to feel that Defendants could somehow enforce (even if in error) a *vacated default judgment* against him, collecting in excess of *$18,000*. The feelings of anger, frustration and fear were disruptive to Mr. Phillips' daily life. He worried that Defendants would garnish his wages, restrain his bank accounts and otherwise force him to endure financial difficulties.

48. The Resurgent Defendants have repeatedly been sued for collecting on vacated judgments. The undersigned alone has brought five FDCPA lawsuits in the last two years against the Resurgent Defendants for collecting on vacated judgments.[1]

49. Given the repeated attempts to collect from Mr. Phillips, along with the number of suits in just the last two years and the evidence in those suits, the Resurgent Defendants are sending out judgments *en masse* for execution, or for other further collection, while knowing the judgments are invalid, or at the very least, while consciously disregarding whether the judgments were vacated. Further, the Resurgent Defendants forward the putative judgments to sub-servicers such as F&G and KPR who take no steps to verify the existence of the putative judgments prior to collection, despite that each of them could do so by looking on the ecourts website or, for F&G, looking at their own file. For these reasons and others, all Defendants

---

1 *See Francis v. LVNV Funding, LLC et al,* 1:15-cv-03757-MKB-JO (EDNY) *Rosas v. Arrow Financial Services, LLC et al*, 1:14-cv-06462-MKB-JO (EDNY); *O'Neill v. LVNV Funding, LLC et al*, 1:14-cv-07636-ER-DCF (SDNY); *Martinez v. LVNV Funding LLC et al*, 1:14-cv-00677-RRM-MDG (EDNY); *Gomez v. Inovision-Medclr Portfolio Group, LLC et a*l, 1:13-cv-07395-RWS (SDNY).

should be enjoined under GBL 349 for engaging in similar future acts, and punitive damages should be rendered against the Resurgent Defendants for their post-judgment collections.

### D.   COUNT # 1: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

50.   Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

51.   The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e); see also *Hamilton v. United Healthcare of La., Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) ("Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope.").

52.   Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general."  *See* S. Rep. No. 382, 95th Con., 1st Sess. 5, ("[t]he committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance"); and *Jacobson v. Healthcare Fin. Servs.,* 516 F.3d 85, 91 (2d Cir. 2008) ("[i]n this way, the FDCPA enlists the efforts of sophisticated consumers like [plaintiff] as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others.").

53.   The obligation alleged to be owed by plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5) because the putative credit card debt was incurred primarily for family, personal or

9

household purposes.

54. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because Plaintiff was alleged to owe a "debt."

55. Defendants are each a "debt collector" as defined in 15 U.S.C. § 1692a(6) because their principal purpose is the collection of debts and/or they regularly attempt to collect debts, directly or indirectly.

56. LVNV is a "debt collector" because it purchases charged off consumer accounts after they are in default with the putative original creditor and attempts to collect on them by sending thousands of collection letters and filing thousands of collections lawsuits.

57. Resurgent is a "debt collector" because it attempts to collect alleged debts owned by others – including LVNV –by reporting hundreds of thousands of alleged accounts to the credit reporting agencies each month, by sending out hundreds of thousands of collection letters, by making hundreds of thousands of telephone calls.

58. Resurgent is the master servicer for LVNV responsible for collecting debts owned by LVNV. Resurgent collects these debts directly or through sub-servicers, including collection law firms.

59. On information and belief, Resurgent exercises control or has the right to exercise control over the accounts it sends to sub-servicers.

60. The actions of Defendants enumerated in the above statement of facts constitute an attempt to collect a debt, or were taken in connection with an attempt to collect a debt, within the meaning of the FDCPA.

61. Defendants violated the following sections of the FDCPA: 15 U.S.C. §§ 1692e, and 1692f. By way of example and not limitation Defendants violated the FDCPA by taking the

following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: using false, deceptive or misleading representations or means; misrepresenting the character, amount, or legal status of the debt; misrepresenting the services rendered or compensation which may be lawfully received; threatening to take and actually taking an action prohibited by law; communicating or threatening to communicate to any person credit information which is known or which should be known to be false; using any false, deceptive or misleading representations or means; using unfair or unconscionable means; and collecting or seeking to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. Defendants also violated 15 U.S.C. § 1692g by *inter alia*, not correctly stating the amount of the debt in its initial communication.

### E.      NEW YORK GENERAL BUSINESS LAW SECTION 349 ET SEQ.

62.    Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

63.    New York General Business Law Section 349(a) prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in this state…"

64.    An individual "injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such action." N.Y. Gen. Bus. Law § 349(h).

65.    As enumerated above, Defendants violated N.Y. Gen. Bus. Law § 349 et seq. by using deceptive acts and practices in the conduct of their businesses.

66.    This includes continuing to collect on judgments (including sewer service judgments)

after those judgments have been vacated.

67. Defendants' conduct has a broad impact on consumers at large. Defendants' conduct impacts the hundreds of consumers in the state of New York who have been victims of "sewer service" and have had vacated judgments executed upon.

68. Defendants committed the above described acts willfully and/or knowingly.

69. Defendants' wrongful and deceptive acts caused injury and damages to Plaintiff.

70. As a direct and proximate result of those violations of N.Y. Gen. Bus. Law § 349 *et seq*, Plaintiff suffered compensable harm and is entitled to preliminary and permanent injunctive relief, and to recover actual, treble damages, exemplary and punitive damages, along with costs and attorney's fees.

### F. JURY DEMAND.

71. Plaintiff demands a trial by jury.

### G. PRAYER

72. WHEREFORE, Plaintiff requests the following relief:

   a. A declaration that all Defendants have committed the violations of law alleged in this action;

   b. An order enjoining and directing all Defendants to cease violating G.B.L. § 349 *et seq.*;

   c. Statutory damages under 15 U.S.C. § 1692k and G.B.L. § 349;

   d. An order awarding disbursements, costs, and attorneys' fees under 15 U.S.C. § 1692k and G.B.L. § 349;

   e. A judgment for actual, statutory, treble, punitive, and exemplary damages;

   f. Prejudgment and post judgment interest as allowed by law;

   g. All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

Dated:  Brooklyn, New York
        December 11, 2015

                                                Respectfully submitted,

                                                /s/

                                                Ahmad Keshavarz
                                                The Law Office of Ahmad Keshavarz
                                                16 Court St., 26th Floor
                                                Brooklyn, NY 11241-1026
                                                Phone: (718) 522-7900
                                                Fax:    (877) 496-7809
                                                Email: ahmad@NewYorkConsumerAttorney.com